ORDER
GRITT, JUDGE:
An application of the claimant, Mary Jacques, for an award under the West Virginia Crime Victims Compensation Act, was filed April 2, 2003. The report of the Claim Investigator, filed September 30, 2003, recommended that no award be granted, to which tire claimant filed a response in disagreement. An Order was issued on November 15, 2003, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed December 11,2003. This matter came on for hearing June 10, 2005, the claimant appearing pro se and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On February 9, 2003, the claimant’s 29-year-old son, Larry Gene Hose, was the victim of criminal conduct outside a nightclub in Jefferson County. He was shot and killed by the offender, Raymond Hoke. In its initial Order, this Court denied the claim because of the victim’s alleged contributory misconduct.
Testifying at the hearing of this matter was the victim’s mother, claimant Mary Jacques. Her remarks, however, were based on hearsay, as she was not present on the evening in question. A witness to the events, Virginia Johnson, Larry Hose’s girlfriend, told the claimant that the offender pulled a knife and swung it at Larry, who jumped back. The offender then brandished a gun, whereupon the Larry raised his hands and said, “Call the cops.” Then, the offender shot him.
It was the claimant’s testimony that Larry had divorced his wife Melissa because she had had an affair with the offender. She stated that on one occasion approximately 1 years prior to the incident in question, as she and Larry drove by the offender’s house, she saw the offender pull out a gun. The claimant knew of no other confrontations between the two men until the shooting.
The claimant stated that she was present during part of the criminal proceeding, and that the offender and his wife admitted that they were sitting in the car when Larry came out of the bar. It was their contention that Larry came toward the offender with a knife. The claimant maintained that her son was unarmed, and that the offender and Larry’s wife ex-wife Melissa “set it up.”
*180 According to the claimant, her son and his three children lived with her at the time he was shot. He was employed as a construction worker in Williamsport, Maryland, helping to support them. The children currently reside with their mother, and are receiving Social Security benefits.
On behalf of the State, Assistant Attorney General Ronald R. Brown stated that he contacted Senior Trooper M.A. Cole, who had investigated the case. Trooper Cole advised that the trial had ended in a hung jury, and that the matter would be retried in the fall. After conferring with the trooper and reading his report, and based upon various witness statements, Mr. Brown opined that the victim Larry Hose did not have a knife when he emerged from the bar, and was therefore an innocent victim of crime.
Based on the foregoing, it is this Court’s finding that the victim’s actions at the time he was fatally wounded did not constitute contributory misconduct under the law. Therefore, the previous decision is hereby overruled, and an award in the maximum sum of $6,000.00 for funeral and burial expenses is granted pursuant to the Claim Investigator’s memorandum of July 1, 2005.
Additionally, should it later be determined that claimant Mary Jacques has obtained custody of the victim’s minor children, and is in fact incurring dependents’ economic loss on their behalf, this matter will be re-examined by the Court for additional compensation.